FILED
December 23, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003977045

4
TRUDI G. MANFREDO
Law Office of Trudi G. Manfredo
575 E. Alluvial, Suite 103A
Fresno, CA 93720
Telephone: (559) 242-5577
Facsimile: (559) 513-8148
E-mail: trmanfredo@yahoo.com

Attorney for Julie Mumma

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In the Matter of ) Case No. 11-19871-B-7
)
TODD ERIC MUMMA, ) Chapter 7
)
) TGM-1
Debtor. )
) Date: February 2, 2012
) Time: 10:00 a.m.
) Dept: B, Courtroom 12
) The Honorable W. Richard Lee

**JULIE MUMMA'S MOTION TO COMPEL CHAPTER 7 TRUSTEE TO**

**ABANDON REAL AND PERSONAL PROPERTY FROM THE ESTATE**

JULIE MUMMA, by and through her attorney, respectfully represents as follows:

1. Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on August 31, 2011.

2. Peter Fear is the duly appointed, qualified and acting trustee of the above referenced bankruptcy estate.

3. Julie Mumma is the estranged spouse of the Debtor and is an interested party in this case.

4. The assets of the Chapter 7 estate include the following: (1) Debtor's residence located at 10202 N. Quail Run Drive, Fresno,

1

CA, more particularly described as Lot 19 and 20 of Tract No. 3800, in the City of Fresno, County of Fresno, State of California according to the Map thereof recorded in Book 44, Pages 97 through 99, inclusive, Fresno County records ("Residence"); (2) Prudential Life Insurance company Universal Life Policy ("Life Insurance Policy").

5. According to Debtor's Schedule A, the Residence has a value of $510,000.00. A copy of the Schedule A filed by Debtor is filed concurrently herewith and incorporated herein by reference as **Exhibit A**.

6. The Residence is encumbered by a note secured by first deed of trust held by SunTrust Mortgage, Inc. in the amount of $222,396.28 and a note secured by a second deed of trust held by Bank of America Home Loans in the amount of $247,779.70 for a total encumbrance of $470,175.98. See Debtor's Schedule D filed concurrently herewith and incorporated herein by reference as **Exhibit B**.

7. Proceeds from a sale of the Residence would not be sufficient to (a) satisfy the liabilities encumbering the residence (b) pay costs incurred by the sale of the residence, and (c) return any money to the Chapter 7 estate based on the following calculations:

|  |  |
|---|---|
| Value of Real Property: | $510,000.00 |
| Secured Claims | $470,175.98 |
| Cost of Sale (8%) | $ 40,800.00 |
| Net Return to Estate: | ($    975.00) |

8. Question 9 on Debtor's Schedule B, filed concurrently herewith and incorporated herein by reference as **Exhibit C**, shows

the Debtor's life insurance policy has a cash value of $5,920.00. Debtor has exempted this policy as shown in Schedule C filed concurrently herewith and incorporated herein by reference as **Exhibit D**.

9. The continued meeting of creditors was concluded on November 18, 2011, so the time to object to debtor's claims of exemptions has expired.

10. 11 USC §544(b) provides that "on request of a party in interest after notice and a hearing, court may order the Trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

11. The Chapter 7 Trustee's duty is to liquidate the estate for the benefit of creditors and the Chapter 7 Trustee should not administer property that is burdensome or of inconsequential value to the estate because unsecured creditors will not benefit from such actions by the Trustee. Furthermore, it is improper for a Chapter 7 Trustee to sell property of the estate (a) for the benefit of a secured creditor when there is no appreciable benefit to the estate, or (b) to pay himself when there would be no significant distribution to unsecured creditors. See In re Tobin, 202 B.R. 339, 340 (Bankr. D RI 1996).

12. Julie Mumma believes that the residence is burdensome and of inconsequential value to the Chapter 7 estate as a sale would generate no funds for unsecured creditors. She also believes that the life insurance policy is of inconsequential value to the estate because it is fully exempt and the time for objecting to claims of exemptions has run.

WHEREFORE, Julie Mumma prays as follows:

1. That her motion be granted.

2. That the Court enter an order compelling the Trustee to abandon the real property and life insurance policy from Debtor's Chapter 7 estate, and

3. For such other relief as is just and proper.

Dated: 12-15-11

/s/ TRUDI G. MANFREDO
Trudi G. Manfredo
Attorney for Julie Mumma

4